Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| TERRY FABRICANT, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SEIDLER OIL & GAS, LP, and DOES 1 through 10, inclusive, and each of them,<br><br>Defendants. | Case No.<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br><br>1.  NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(b)]<br>2.  WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(b)]<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff TERRY FABRICANT ("Plaintiff"), individually and on behalf of all others similarly situated, alleges the following upon information and belief based upon personal knowledge:

///

///

---

CLASS ACTION COMPLAINT

- 1 -

## NATURE OF THE CASE

1. Plaintiff brings this action individually and on behalf of all others similarly situated seeking damages and any other available legal or equitable remedies resulting from the illegal actions of Defendant in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, *47 U.S.C. § 227, et seq.* ("TCPA"), thereby invading Plaintiff's privacy.

## JURISDICTION & VENUE

2. Jurisdiction is proper under *28 U.S.C. § 1332(d)(2)* because Plaintiff, a resident of California, seeks relief on behalf of a Class, which will result in at least one class member belonging to a different state than that of the Defendant, a Texas limited partnership. Plaintiff also seeks up to $1,500.00 in damages for each call in violation of the TCPA, which, when aggregated among a proposed class in the thousands, exceeds the $5,000,000.00 threshold for federal court jurisdiction. Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction. Jurisdiction is also proper under *28 U.S.C. § 1331*, as this Action arises under a law of the United States, the TCPA.

3. Venue is proper in the United States District Court for the Central District of California pursuant to *28 U.S.C. § 1391* because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## PARTIES

4. Plaintiff, TERRY FABRICANT ("Plaintiff"), is a natural person residing in Los Angeles County, California, and is a "person" as defined by *47 U.S.C. § 153 (39)*.

5. Defendant, SEIDLER OIL & GAS, LP ("Defendant"), is an oil and gas company, and is a "person" as defined by *47 U.S.C. § 153 (39)*.

6. The above-named Defendant, and its subsidiaries and agents, are

1  collectively referred to as "Defendants."  The true names and capacities of the
2  Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are
3  currently unknown to Plaintiff, who therefore sues such Defendants by fictitious
4  names.  Each of the Defendants designated herein as a DOE is legally responsible
5  for the unlawful acts alleged herein.  Plaintiff will seek leave of Court to amend the
6  Complaint to reflect the true names and capacities of the DOE Defendants when
7  such identities become known.

8  　　　7.　　　Plaintiff is informed and believes that at all relevant times, each and
9  every Defendant was acting as an agent and/or employee of each of the other
10  Defendants and was acting within the course and scope of said agency and/or
11  employment with the full knowledge and consent of each of the other Defendants.
12  Plaintiff is informed and believes that each of the acts and/or omissions complained
13  of herein was made known to, and ratified by, each of the other Defendants.

14  　　　　　　　　　　　　**FACTUAL ALLEGATIONS**

15  　　　8.　　　On or about October 18, 2018, Defendant contacted Plaintiff on
16  Plaintiff's cellular telephone number ending in -8950, in an attempt to solicit
17  Plaintiff to purchase investment opportunities with Defendant.

18  　　　9.　　　Defendant used an "automatic telephone dialing system" as defined
19  by *47 U.S.C. § 227(a)(1)* to place its call to Plaintiff seeking to solicit Plaintiff to
20  purchase investment opportunities with Defendant.

21  　　　10.　　　Defendant contacted or attempted to contact Plaintiff from
22  Defendant's telephone number (817) 259-1777.

23  　　　11.　　　Defendant's calls constituted calls that were not for emergency
24  purposes as defined by *47 U.S.C. § 227(b)(1)(A)*.

25  　　　12.　　　During all relevant times, Defendant did not possess Plaintiff's "prior
26  express consent" to receive calls using an automatic telephone dialing system on
27  his cellular telephone pursuant to *47 U.S.C. § 227(b)(1)(A)*.
28  ///

**CLASS ALLEGATIONS**

13.    Plaintiff brings this action individually and on behalf of all others similarly situated, as a member the proposed class defined as follows:

> All persons within the United States who received any telephone calls from Defendant to said persons' cellular telephones, made through the use of any automatic telephone dialing system or an artificial or prerecorded voice, and such persons had not previously consented to receiving such calls, within four years prior to the filing of this Complaint through the date of class certification.

14.    Plaintiff represents, and is a member of, the Class, consisting of all persons within the United States who received telephone calls from Defendant to said persons' cellular telephones, made through the use of any automatic telephone dialing system or an artificial or prerecorded voice, who had not previously consented to receiving such calls, within four years prior to the filing of this Complaint.

15.    Defendant, its employees and agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the thousands, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

16.    The Class is so numerous that the individual joinder of all of its members is impractical. While the exact number and identities of the Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that the Class includes thousands of members.  Plaintiff alleges that the Class members may be ascertained by the records maintained by Defendant.

17.    Plaintiff and the members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiff and the Class members via their cellular telephones, thereby causing Plaintiff and

1  the Class members to incur certain charges or reduced telephone time for which

2  Plaintiff and the Class members had previously paid, by having to retrieve or

3  administer messages left by Defendant during those illegal calls, and invading the

4  privacy of said Plaintiff and Class members.

5          18.    Common questions of fact and law exist as to all members of the Class

6  which predominate over any questions affecting only individual members of the

7  Class.  These common legal and factual questions, which do not vary between the

8  Class members, and which may be determined without reference to the individual

9  circumstances of any Class members, include, but are not limited to, the following:

10                 a.    Whether, within the four years prior to the filing of this

11                       Complaint, Defendant made any telephone call (other than a

12                       call made for emergency purposes or made with the prior

13                       express consent of the called party) to a Class member using

14                       any automatic telephone dialing system or an artificial or

15                       prerecorded voice to any telephone number assigned to a

16                       cellular telephone service;

17                 b.    Whether Plaintiff and the Class members were damaged

18                       thereby, and the extent of damages for such violation; and

19                 c.    Whether Defendant should be enjoined from engaging in such

20                       conduct in the future.

21          19.    As a person that received a call from Defendant using an automatic

22  telephone dialing system, without Plaintiff's prior express consent, Plaintiff is

23  asserting claims that are typical of the Class.

24          20.    Plaintiff will fairly and adequately protect the interests of the members

25  of the Class.  Plaintiff has retained attorneys experienced in the prosecution of class

26  actions.

27          21.    A class action is superior to other available methods of fair and

28  efficient adjudication of this controversy, since individual litigation of the claims

CLASS ACTION COMPLAINT

1   of all Class members is impracticable.  Even if every Class member could afford

2   individual litigation, the court system could not.  It would be unduly burdensome

3   to the courts in which individual litigation of numerous issues would proceed.

4   Individualized litigation would also present the potential for varying, inconsistent,

5   or contradictory judgments and would magnify the delay and expense to all parties

6   and to the court system resulting from multiple trials of the same complex factual

7   issues.  By contrast, the conduct of this action as a class action presents fewer

8   management difficulties, conserves the resources of the parties and of the court

9   system, and protects the rights of each Class member.

10         22.    The prosecution of separate actions by individual Class members

11  would create a risk of adjudications with respect to them that would, as a practical

12  matter, be dispositive of the interests of the other Class members not parties to such

13  adjudications or that would substantially impair or impede the ability of such non-

14  party Class members to protect their interests.

15         23.    Defendant has acted or refused to act in respects generally applicable

16  to the Class, thereby making appropriate final and injunctive relief with regard to

17  the members of the Class as a whole.

## FIRST CAUSE OF ACTION

### Negligent Violations of the Telephone Consumer Protection Act

### 47 U.S.C. § 227(b)

### On Behalf of the Class

22         24.    Plaintiff repeats and incorporates by reference into this cause of action

23  the allegations set forth above at Paragraphs 1-23.

24         25.    The foregoing acts and omissions of Defendant constitute numerous

25  and multiple negligent violations of the TCPA, including but not limited to each

26  and every one of the above cited provisions of *47 U.S.C. § 227(b)*, and in particular

27  *47 U.S.C. § 227(b)(1)(A)*.

28         26.    As a result of Defendant's negligent violations of *47 U.S.C. § 227(b)*,

Plaintiff and the Class Members are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)*.

27.     Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION

**Knowing and/or Willful Violations of**

**the Telephone Consumer Protection Act**

**47 U.S.C. § 227(b)**

**On Behalf of the Class**

28.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-23.

29.     The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227(b)*, and in particular *47 U.S.C. § 227(b)(1)(A)*.

30.     As a result of Defendant's knowing and/or willful violations of *47 U.S.C. § 227(b)*, Plaintiff and the Class members are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C)*.

31.     Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendant for the following:

## FIRST CAUSE OF ACTION

**Negligent Violations of the Telephone Consumer Protection Act**

**47 U.S.C. § 227(b)**

- As a result of Defendant's negligent violations of *47 U.S.C. §*

*227(b)(1),* Plaintiff and the Class members are entitled to and request $500 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)*.

- Any and all other relief that the Court deems just and proper.

## SECOND CAUSE OF ACTION

**Knowing and/or Willful Violations of**

**the Telephone Consumer Protection Act**

**47 U.S.C. § 227(b)**

- As a result of Defendant's willful and/or knowing violations of *47 U.S.C. § 227(b)(1)*, Plaintiff and the Class members are entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C)*.
- Any and all other relief that the Court deems just and proper.

## JURY TRIAL

32.     Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted this 11th day of December, 2020.

LAW OFFICES OF TODD M. FRIEDMAN, P.C.

By:   /s/ Todd M. Friedman
Todd M. Friedman
Law Offices of Todd M. Friedman, P.C.
Attorney for Plaintiff